# United States District Court
# Central District of California



FILED
CLERK, U.S. DISTRICT COURT
04/20/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: dj   DEPUTY

**UNITED STATES OF AMERICA vs.**   **Docket No.**   2:22-TK-9442-UA  (CC37-9579442)

**Defendant**   ANDREW D. RAUGHTON   **Social Security No.**  2  4  9  1

**akas:**   (Last 4 digits)

## JUDGMENT AND PROBATION ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 04 | 20 | 2022 |

**COUNSEL**   CHRISTINE YONAN, DFPD
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of: California Vehicle Code Section 23152(b), DUI .08% or more, as assimilated by 18 USC Section 13.

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

It is adjudged that the defendant shall pay a fine of $390.00, a special assessment of $10.00, and a processing fee of $30.00 totaling $430.00 on or before April 19, 2023, pursuant to the Notice of Order for Payment of Fine.

It is the judgment of the Court that the imposition of jail time shall be suspended and the defendant shall be placed on supervised probation for a period of three (3) years under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the Probation Office and Second Amended General Order 20-04. Standard Condition of Probation 4 regarding out-of-district travel is stricken.

2. The defendant shall refrain from any unlawful use of a controlled substance and alcohol and abusing prescription medications and submit to one drug test within 15 days of placement on probation and two periodic drug tests thereafter, not to exceed eight tests per month.

3. The defendant shall abstain from using alcohol during the period of supervision, and shall submit to Breathalyzer tests, not to exceed four tests per month, to determine if the defendant has consumed alcohol.

4. The defendant shall not drive a motor vehicle with any measurable amount of alcohol in his body.

5. The defendant shall submit to and complete tests of his breath, blood, or urine when requested by a peace officer, or as requested by the Probation Officer upon reasonable cause to believe the defendant is using illegal drugs or using alcohol.

| | |
|---|---|
| USA vs.   ANDREW D. RAUGHTON | Docket No.:   2:22-TK-9442-UA  (CC37-9579442) |

6.     The defendant shall comply with all rules and regulations of any applicable military installation and of the Department of Motor Vehicles.  The defendant shall not operate any vehicle unless granted permission to do so via a valid State issued driver's license.

7.     Upon payment of the fine, special assessment, and processing fee, and completion of twelve (12) months of probation, pursuant to 18 U.S.C. § 3601, the Probation Officer shall have the discretion to implement unsupervised probation for the remainder of the probationary term.  The Court will also consider early termination of probation, pursuant to 18 U.S.C. § 3564(c), upon motion by defendant or counsel.  While on unsupervised probation, the defendant shall not commit another federal, state, or local crime, and shall notify the Probation Officer at least ten days before any change in residence or employment.

9.     The defendant shall register with the Probation Office within 72 hours from the day sentence is imposed.  Defendant may register by telephone.

     Defendant is advised pursuant to California Vehicle Code Section 23593.

     Defendant is notified of the right to appeal the sentence within 14 days.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| April 20, 2022<br>Date | _Louise A. Lamothe_ (signature)<br>Louise A. Lamothe, U. S. Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| | | |
|---|---|---|
| April 20, 2022<br>Filed Date | By | _Debbie Johnston_ (signature)<br>Debbie Johnston, Deputy Clerk |

| | |
|---|---|
| USA vs.  ANDREW D. RAUGHTON | Docket No.:  2:22-TK-9442-UA  (CC37-9579442) |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. ~~The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;~~
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

///

///

| | |
|---|---|
| USA vs.  ANDREW D. RAUGHTON | Docket No.:  2:22-TK-9442-UA  (CC37-9579442) |

[X] The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

    The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1).  Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.  Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court."  Each certified check or money order must include the case name and number.  Payments must be delivered to:

    United States District Court, Central District of California
    Attn: Fiscal Department
    255 East Temple Street, Room 1178
    Los Angeles, CA 90012

or such other address as the Court may in future direct.

    If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office.  18 U.S.C. §3613.

    The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full.  18 U.S.C. §3612(b)(1)(F).

    The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k).  The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k).  See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

    Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence (pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
       Non-federal victims (individual and corporate),
       Providers of compensation to non-federal victims,
       The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

///

///

| | |
|---|---|
| USA vs.   ANDREW D. RAUGHTON | Docket No.:   2:22-TK-9442-UA  (CC37-9579442) |

---

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
   at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

Date         Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

Filed Date         Deputy Clerk

---

## FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____         _____
Defendant                  Date

_____         _____
U. S. Probation Officer/Designated Witness     Date